UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VALERIA V. GUNKOVA,<br>*Appellant*,<br><br>v.<br><br>MATTHEW W. CHENEY, ACTING<br>UNITED STATES TRUSTEE,<br>*Appellee*. | 1:25-cv-00626-MSN-WBP |

## MEMORANDUM OPINION AND ORDER

Chapter 7 Debtor Valeria Gunkova appeals here from her denial of Chapter 7 discharge and the denial of certain discovery motions as moot.

Gunkova filed a chapter 11` bankruptcy petition on August 3, 2023. UST039.[1] Her assets at the time of filing included a residence in Sterling, Virginia. UST015. Gunkova was the sole owner at the time of filing. *Id.* Eight months after filing for bankruptcy, Gunkova transferred the residence to her mother and herself as joint tenants for no consideration, but did not disclose the transfer to the Bankruptcy Court or her creditors. UST 112. This transfer arose at the time when a creditor had sought sanctions and default judgment on his claim for millions against Gunkova, and also sought to have his claims deemed non-dischargeable. UST055-059. After this transfer, Gunkova's case was converted to one under Chapter 7 of the Bankruptcy Code. UST109.

After the transfer and the conversion of Gunkova's case to one under chapter 7, the United States Trustee filed a complaint seeking denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(B), which allows for denial when a debtor engages in a post-petition transfer of estate property "with

---

[1] All "UST" citations refer to the Appendix filed by Appellee United States Trustee Matthew W. Cheney.

the intent to hinder, delay, or defraud a creditor." UST 129-130. The Trustee then filed for summary judgment on both counts. UST132-152.

The Bankruptcy Court granted summary judgment. It found the following undisputed facts:

- On July 25, 2024, the Bankruptcy Court denied Gunkova's motion to dismiss the adversary proceeding which included a claim of non-dischargeability. UST167.

- On April 15, 2024, Gunkova executed a deed of gift conveying her home to herself and her mother as joint tenants without consideration. UST168.

- The home was property of the bankruptcy estate. UST168.

- On December 13, 2024, Gunkova entered into a Stipulation and Consent Order avoiding the post-petition transfer. UST168.

Gunkova described her decision to transfer the property as "a practical decision" as she "felt it was unjust to risk making [her] 80-year-old mother homeless," and said that she "added her [mother] to the deed to ensure she would not be left homeless." UST169.

Applying the law to these facts, the Bankruptcy Court found that Gunkova had acted with an intent to hinder, delay, or defraud her creditors. UST172. The Court noted "a number of badges of fraud," including that the transfer was without consideration, that she retained an interest, and that she was already in Chapter 11 bankruptcy. UST171. More importantly, however, the Court found that Gunkova had "admitted to an intent to hinder, delay, or defraud" as she acknowledged the transfer was in order to protect the asset from creditors in the event that she was denied discharge. UST171. Accordingly, the Court found "no material issues of fact" on the issue of Gunkova's "fraudulent intent" and denied discharge. UST172. The Court also noted that "[s]ince the filing of [the motion for summary judgment], Ms. Gunkova ha[d] filed" a motion for protective order, a letter to the judge, and miscellaneous other motions to compel and requests for extended discovery. UST173. The Bankruptcy Court denied these pleadings as moot in light of its grant of summary judgment. UST173.

Gunkova makes two arguments on appeal. First, she claims that discharge was inappropriate because the evidence did not show an actual intent to hinder, delay, or defraud her creditors. ECF 4-9 at 115-117. She also argues that the home was not evidenced to be "property of the estate. Id. at 117-119.[2] Finally, she claims that the Bankruptcy Court's declaration that the discovery motions were "moot" was inappropriate because summary judgment was entered only on Count I and "other claims in the [Trustee's] complaint remained unresolved." Id. at 120-126.

After a thorough review of the record and Gunkova's arguments on appeal, this Court finds no reversible error below. As for Gunkova's claim that she did not transfer the property with an intent to hinder, delay, or defraud her creditors, she appears to confuse her motive (to secure her home for her mother) with her intent (to prevent creditors from obtaining her assets). "Motive is what prompts a person to act. Intent refers only to the state of mind with which the act is done." *United States v. Brown*, 908 F.2d 968 (4th Cir. 1990). Even in her appeal, Gunkova is clear that while she may have been motivated by concern for her family, she intended to hinder her creditors by putting her assets out of their reach. She insists before this Court that a trier of fact should have been allowed to hear evidence that she was "motivated by love for her mother and a belief that the risk to her mother was unjust," and that "she wasn't acting out of malice." ECF 3 at 19-20. This misses the point, as in order to act as she did to protect her mother, she would have to understand that her actions would have the result of hindering her creditors. *Cf. United States v. Wollman*, 929 F.2d 695 (4th Cir. 1991) (in civil forfeiture context, intent to evade controls regardless of motive). The Bankruptcy Court therefore correctly determined that Gunkova's post-petition transfer was made with intent to hinder, delay, or defraud creditors.[3]

---

[2] Appellant Gunkova filed an initial brief in this case before the Bankruptcy Court, *see* ECF 4-9 a 105-134, as well as a supplemental brief here, ECF 3.

[3] Gunkova also argues that the fact that she was forthcoming about the transfer after the fact negates her intent, citing *In re Adeeb*, 787 F.2d 1339 (9th Cir. 1986). The Fourth Circuit have rejected this line of argument, which

Next is Gunkova's argument that the home was not property of the estate. Not only did she fail to raise that argument below—she even stipulated that the home was "property that the Trustee may administer for the benefit of the bankruptcy estate." UST112. The Bankruptcy Court did not err in relying on the stipulation when deciding the motion for summary judgment.

Finally, Gunkova objects to the Bankruptcy Court's denial of her discovery motions. To the extent that discovery is relevant to the other counts in the denial of discharge complaint, the discovery is moot because resolution of Count I was sufficient to decide the entire case. *Contra* ECF 4-9 at 122-124 (arguing that other counts remained). As for its potential applicability to Count I, Gunkova has failed to explain how discovery against the Trustee or third parties would have enabled her to create a dispute of material fact where she has repeatedly admitted to her fraudulent intent. It is not the "Trustee's narrative" that she would have needed to contradict, ECF 10 at 17, but her own.

For these reasons, it is hereby

**ORDERED** that Gunkova's appeal is **DENIED** and that the Bankruptcy Court's order granting summary judgment is **AFFIRMED**.

The Clerk is directed to mail a copy of this Order to Appellant, *pro se* and close this civil action.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 2, 2025
Alexandria, Virginia

---

contradicts the plain language in Section 727(a)(2). *See In re Sandoval*, 153 F.3d 722 (4th Cir. 1998) (following "the greater weight of authority" to conclude that lack of ultimate harm to creditors is irrelevant).